No. 54.—THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, plaintiffs in error, *vs.* THE SAVANNAH AND OGEECHEE CANAL COMPANY.

[1.] In a matter of complaint against the Savannah and  Ogeechee Canal Company, that they were guilty of a nuisance, by obstructing the drainage of the low lands of the Springfield Plantation, the City Council of Savannah determined that they were guilty of the nuisance, and that they be notified to remove it within a specified time, by constructing an additional culvert; and, in default thereof, that the culvert be built by the city, *and that the company pay the costs of its construction: Held*, by this Court, that the resolution of the City Council of Savannah, that the costs of the culvert be paid by the Savannah and Ogeechee Canal Company, is not a judgment by which the rights of the company, as to their liability to pay such costs, are concluded, and that the City Council had the power to pass such a resolution.

Application for *certiorari*.   Decision by Judge HENRY R. JACKSON, November, 1850.

Mayor and Aldermen *vs.* Savannah and Ogeechee Canal Company.

On the 29th day of August, 1850, Mr. Amos Scudder, the President of the Savannah and Ogeechee Canal Company, was notified by the Clerk of the City Council of Savannah, that the canal embankment constituted an obstruction to the drainage of a portion of the city, and required the company to construct an additional culvert, giving its dimensions, &c. or else show cause why it should not be abated as a nuisance.

The company, by their President, showed cause, alleging, among other things, that the necessity for another culvert, if any existed, was the result of the act of the Council themselves. The showing was overruled, and two resolutions were passed by the Council. The first declared the embankment a nuisance; the second required the company to construct a culvert, as described, in thirty days, and on their failure so to do, that the culvert be built by the City Council, at the expense of the company. Application was made to the presiding Judge of the Superior Court for a *certiorari*, to review these two resolutions of Council.

Upon hearing the application, the Court certified that there was no controversy as to the abatement of the nuisance, in the mode specified, and that the only question at issue was as to the authority of Council to cast the expense of the culvert upon the company.

The *certiorari* was granted—the Court holding that the Council exceeded their authority in adjudging that the expenses should be paid by the company.

This decision is assigned as error.

LAW and BARTOW, for plaintiffs in error.

MARSH and PEPPER, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The Mayor and Aldermen of the City of Savannah, on the 9th September, 1850, passed the following resolutions:

1st. *Resolved*, That the Savannah and Ogeechee Canal Com-

Mayor and Aldermen *vs.* Savannah and Ogeechee Canal Company.

pany is guilty of obstructing the drainage of the low lands of the Springfield Plantation, caused by the embankments of said canal.

2d. *Resolved,* That said company be required to commence and finish a culvert fourteen feet wide and two feet six inches deeper than the beds of the present culverts, within the space of thirty days ; and that in default of the same, that such a culvert be built by the City Council, at the expense of said company, and that a copy of the above be served on the President of said company.

These resolutions were passed after notice to the company to appear and answer, and after a full hearing.   Application being made to Judge Jackson, by the Canal Company, for a *certiorari,* it was granted, with directions to the City Council to stay all further proceedings in the cause, until the further order of the Court.   By referring to the petition for the *certiorari,* I perceive that the whole action of the City Council in the matter is excepted to and claimed to be erroneous.   The order of the Judge supersedes the whole action.   Upon the decision of the Judge, granting the *certiorari,* errors are assigned before this Court.   In his written opinion, sent up with the record, he clearly does not decide that the City Council had not the power to abate the nuisance complained of, and he does decide, *only,* that the City Council had no power to adjudge the cost of removing the nuisance, by constructing, themselves, a culvert which would subserve the purpose of draining the Springfield Plantation, against that company ; and, in an explanatory statement which he has appended to the bill of exceptions, and which we are to take as part of the bill, and by which we are governed, he expressly says that this is all that he did decide.   We can consider no question which the Court below did not decide ; and we are to consider only those which he says he did decide.   His certificate to the bill, a part of which is his explanatory statement, is conclusive as to the points ruled in the case.   We are then to determine whether the presiding Judge erred in ruling that the City Council of Savannah had no power to adjudge the expenses of constructing the culvert, ordered to be constructed in the

second resolution before quoted, against the Canal Company. To do so, it is necessary to determine what the order or resolution of the Council is, and what is its effect. The Court below calls it a judgment. It is true that, when it was passed, the Council were acting in their judicial capacity. It was passed when the matter of complaint against the Savannah and Ogeechee Canal Company was before them. Still, I apprehend that it neither is nor was by them considered a judgment, upon which process of execution could issue for enforcement. Whilst they were judges in the matter in issue between the city and the company, they were, at the same time, the Mayor and Aldermen of the City of Savannah—the officers of the City of Savannah. They could, at that sitting, and in reference to the same subject matter, act in both capacities. The time when, and the occasion for the order, do not necessarily make it a judgment. They could not have intended it for a judgment, because the ordinance of the city—their own law, under which they were then acting, and without which they could have taken no action—of August, 1850, declares the manner in which the costs of constructing this culvert shall be collected. The manner there pointed out is inconsistent with the idea that this is or was intended to be a judgment. That ordinance provides that, in case of nuisance for the want of sufficient culverts, the party shall be notified to construct them; and upon failure so to do, they shall be provided by the city, and their costs shall be collected from such party, *by warrant of distress, or by an action on the case for damages.* We are to presume that the Council acted in reference to the law. We cannot presume an intention in any tribunal to violate the law. What, then, is it? It may be considered in more lights than one, and either view of it gives it a reasonable intendment and effect. It may be viewed in the light of an instruction to the proper officer of their board, so soon as the culvert was built, to take the legal steps to collect the costs of constructing it—that is, to institute a proceeding, under the law for that purpose, by warrant of distress or by action on the case for damages; or it is simply a declaration that the Council expected the company to pay the cost, which subserved the purpose of a

notice to them.   In either view, it was competent for the Council to pass such an order.   In the latter view, it ought to be held as an act kind and considerate towards this company.   Suppose, though, that they intended it as a judgment, upon which summary process of enforcement could issue, that intention does not make it so.   Their own law would defeat such intention.   It is a nullity, by virtue of the ordinance of 1850, which points out the mode in which the costs shall be collected, and which was in force at the time it was passed.   To say the least of it, it is harmless.   The company are not concluded, as to their liability to pay the costs, by it.   The Courts of justice will be open to them whenever, either under this order, or by warrant or by action, the attempt is made to collect the costs.   No fear but that they will have their day in Court.   Whether they will be liable, in law, to pay it, is a question not made, and upon which we express no opinion.   It seems to us that the city authorities have pursued a mild and forbearing course in this whole matter. Having power to abate this nuisance, they could have proceeded summarily to do so, and, without delay, have ordered their Marshal to cut down the embankments of this company.   Very properly, they have forborne to do so, and have taken a course which, whilst it fulfils their obligations to the city, is least irritating to the feelings, and least injurious to the property of the defendants in error.

Let the judgment be reversed.